UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DO QUANG NHAT,

      Petitioner,

v.                                           Case No.:  2:26-cv-01715-SPC-NPM

ICE MIAMI FIELD OFFICE
DIRECTOR *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Do Quang Nhat's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Nhat is a native of Vietnam who entered the United States on October 20, 2002.  An immigration judge ordered him removed to Vietnam on December 21, 2018, following a conviction for possession of a controlled substance. Immigration and Customs Enforcement ("ICE") released Nhat under an order of supervision on February 21, 2019.  On November 10, 2025, Nhat reported to ICE for a routine check-in appointment.  ICE revoked his release and arrested him.  He is currently detained at Alligator Alcatraz.  Nhat challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Nhat has carried his initial burden. Vietnam has not issued travel documents, and ICE has not provided Nhat a removal date or any timeline for removal. The burden thus shifts to the respondents. ICE submitted Nhat's travel document request to the Vietnamese government on January 30, 2026, and it is pending approval. The number of successful repatriations to Vietnam has increased drastically during this administration, with 1,389 Vietnamese nationals repatriated in fiscal year 2026. Since February 2025, all travel documents that could be processed have issued, and ICE has frequent charter flights to Vietnam.

The Court finds a significant likelihood Nhat will be removed in the reasonably foreseeable future.

Accordingly, it is hereby **ORDERED:**

Do Quang Nhat's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record